IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID M. WILLIAMS,               §
                                 §
    Defendant Below,             §   No. 479, 2019
    Appellant,                   §
                                 §   Court Below—Superior Court
    v.                           §   of the State of Delaware
                                 §
STATE OF DELAWARE,               §   Cr. ID Nos. 9803018202A (N)
                                 §              9803018202B (N)
    Plaintiff Below,             §
    Appellee.                    §
                                 §

Submitted: August 9, 2021
Decided: September 20, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, David M. Williams, appeals from a Superior Court order dated October 23, 2019, which denied Williams's successive motion challenging his sentence under Superior Court Criminal Rule 35. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Williams's opening brief that the appeal is without merit. We agree and affirm.

(2)    The Superior Court sentenced Williams under the habitual offender

statute in 1999, and this Court affirmed in 2000.[1] Over the years, Williams has filed numerous motions for correction or modification of sentence and for postconviction relief. In the order that is the subject of this appeal, the Superior Court denied a motion that the court construed as a motion seeking a modification of Williams's sentence under 11 *Del. C.* § 4217(b).[2] The court denied the motion as time barred, duplicative, and as procedurally defective because the Department of Correction did not file the application required under the rule.[3]

(3) On appeal, Williams contends that the Superior Court erroneously denied the motion under Rule 35(b), when Williams was actually seeking correction of an illegal sentence under Rule 35(a). In support of his argument, Williams has enclosed a copy of a "Motion for Correction of Sentence Rule 35(a)," which is dated August 29, 2019. The Court has been unable to locate a copy of the August 29, 2019 motion in the Superior Court record, which is voluminous as a result of the many successive motions that Williams has filed. Thus, it is unclear whether Williams ever submitted that motion to the Superior Court or, if so, what action the Superior Court took on it.

---

[1] *See Williams v. State*, 2004 WL 1874693 (Del. Aug. 13, 2004) (affirming denial of motion for modification of sentence, and providing history).

[2] *See* 11 *Del. C.* § 4217(b) (authorizing a trial court to modify a sentence "solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self").

[3] *See id.* § 4217(d) (establishing procedure for consideration of an application for modification).

(4)     Nevertheless, to the extent that Williams submitted the motion and the Superior Court did not address Williams's contention that his sentence is illegal, Williams has not demonstrated any grounds for reversal.  Although difficult to discern, Williams appears to argue that his sentence is illegal because a conviction for escape after conviction cannot be a predicate offense for sentencing as a habitual offender following the purported "repeal" of the offense of escape after conviction. Even if escape after conviction had been repealed, which it has not,[4] Williams does not argue that escape after conviction was not a felony when he was convicted and sentenced as a habitual offender.[5]  Williams therefore has not established that his sentence was illegal.

(5)     Finally, we note that, given Williams's extensive history of filing legally or factually frivolous litigation, this Court has previously directed the Clerk of this Court to refuse any filings from Williams related to the criminal convictions and sentences in Cr. ID Nos. 9803018202A and 9803018202B unless the filing is accompanied by the required filing fee or is accompanied by a complete motion to proceed *in form pauperis* with a sworn affidavit containing the certifications

---

[4] *See* 11 *Del. C.* § 1253 (providing that escape after conviction is a class B, C, or D felony, depending on the circumstances).

[5] *See Miles v. State*, 2018 WL 4292206 (Del. Sept. 7, 2018) (rejecting appellant's claim that his habitual offender sentence was illegal because the predicate offenses had been statutorily reclassified after his conviction and sentencing as a habitual offender).

required by 10 *Del. C.* § 8803(e) and that motion is first granted by the Court.[6] That direction remains in effect.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
                Justice

---

[6] *Matter of Williams*, 2016 WL 3453718 (Del. May 23, 2016).